ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTELUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Tel: (562) 203-3030; Fax: (323) 297-2833
Email:    acasillas@casillaslegal.com
          dgastelum@casillaslegal.com

Attorneys for Plaintiffs, ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest Melinda Jacobson McCormack; MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem, James McCormack

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest Melinda Jacobson McCormack; MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem, James McCormack,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SANDRO XAVIER RIVERA; DOES 1 through 10,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983)<br>4. Interference with Familial Association, Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>5. Assault & Battery<br>6. Negligence/Wrongful Death<br>7. State Civil Rights Violations (Cal. Civ. Code § 52.1)<br>8. Professional Negligence/Wrongful Death<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest Melinda Jacobson McCormack; MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem, James McCormack, and allege as follows:

**I.**

**INTRODUCTION**

1.      This civil rights action seeks to establish the true and unequivocal facts surrounding the brutal and violent attack of Michael McCormack on August 31, 2020, and to bring to public light the deliberate disregard for safety and protection carried out by the individual defendants in the present action.

2.      This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution which resulted in the attack of Michael McCormack on August 31, 2020, a brutal attack which killed Michael McCormack.

3.      At the time of the attack, Michael McCormack was a mentally ill 62-year old schizophrenic man, who suffered from severe emotional and mental disorders leaving him vulnerable and as prey to violent inmates.  On August 31, 2020, Michael McCormack was brutally and repeatedly beaten by SANDRO XAVIER RIVERA.  SANDRO XAVIER RIVERA was known by the individual defendants to be aggressive and violent based on his violent history.  SANDRO XAVIER RIVERA was a known violent predator who preyed on the weak and the most vulnerable.  Because of these traits, his mental/medical condition, and his tendency toward violence, each defendant herein knew that SANDRO XAVIER RIVERA posed an imminent threat of violence and harm to all other inmates in his immediate vicinity.

4.      Long before the attack of Michael McCormack, each of the individually named defendants from the San Bernardino County Sheriff's Department knew that

1 | there existed at the West Valley Detention Center a great indifference to the safety

2 | and protection of inmates, particularly mentally ill and vulnerable inmates. This

3 | indifference consisted of a total disregard by the custodial staff and mental health

4 | staff for mentally ill,  vulnerable inmates who were susceptible to being preyed upon

5 | by violent predatory inmates.

6 | 5. Despite this long history of inmate on inmate violence, each of the

7 | individually names defendants in this lawsuit deliberately failed to take even modest

8 | actions to prevent predatory behavior amongst inmates.  Thus, by the time Michael

9 | McCormack was taken into custody and placed at the West Valley Detention Center,

10 | violent inmates knew that they could continue to prey on the most vulnerable with no

11 | interference on part of the custodial staff or the mental health staff.

## II.

## JURISDICTION AND VENUE

6. This is a civil rights action arising from Defendants' deliberately indifferent and/or reckless and/or negligent failure to perform their duty to protect Michael McCormack from violent inmate SANDRO XAVIER RIVERA, and from the failure to properly supervise on the part of the Defendants sued based on supervisorial liability, which duty breaches and failures occurred in the County of San Bernardino, California, resulting in the violent attack of Michael McCormack on August 31, 2020.

7. This action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## III.

## PENDANT CLAIMS

9.     With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.  Plaintiffs have complied with the California Tort Claims Act requirements. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## PARTIES

10.     Decedent Michael McCormack (hereinafter also "decedent") was an individual residing in the County of San Bernardino, in the State of California.  The claims made by the ESTATE OF MICHAEL MCCORMACK, are brought by Melinda Jacobson McCormack, the successors in interest to the Estate of Michael McCormack pursuant to California Code of Civil Procedure § 377.32.

11.     Plaintiff MELINDA JACOBSON MCCORMACK is an incompetent adult unqualified to bring suit on her own behalf. Plaintiff MELINDA JACOBSON MCCORMACK resided in the County of San Bernardino, California. Plaintiff MELINDA JACOBSON MCCORMACK was the lawful wife of decedent Michael McCormack.  James McCormack is the brother of Plaintiff MELINDA JACOBSON MCCORMACK, an incompetent adult, and is acting as her Guardian Ad Litem.

12.     Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

13.     Defendant COUNTY owns, operates, manages, directs and controls Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also "SBCSD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBCSD employees, complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through SBCSD, is and was responsible for ensuring the safety of all persons incarcerated in West Valley Detention Center (hereinafter also "WVDC") and providing them appropriate medical and mental health treatment. Defendant COUNTY owns, operates, manages, directs and controls the SBCSD, which employs other Doe Defendants in this action. Defendant COUNTY owns, operates, manages, directs and controls SBCSD, which employs other Doe Defendants in this action.

14.     Defendant SANDRO XAVIER RIVERA was a resident of the County of San Bernardino at all times relevant hereto.

15.     At all times relevant to the facts alleged herein, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SBCSD, including those individuals charged with protecting the health and safety of detainees and arrestees at COUNTY detention facilities, including decedent Michael McCormack. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBCSD employees and agents, complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through SBCSD, is and was responsible for ensuring the safety of all

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  persons incarcerated in the jail within the West Valley Detention Center and

2  providing them appropriate medical and mental health treatment.

3      16.    Defendants DOE 1 through 5 are, and were at all relevant times

4  mentioned herein, custodial staff and mental health staff assigned to the SBCSD

5  correctional facility WVDC.  Defendants DOE 1 through 5 were assigned to work at

6  WVDC, and were responsible for carrying out SBCSD policies and procedures and

7  for ensuring the safety of inmates at WVDC. Defendants DOE 1 through 5 were

8  assigned to work as the custodial and mental health staff of WVDC on August 31,

9  2020; were responsible for the proper housing and classification of WVDC inmates,

10  including decedent Michael McCormack and SANDRO XAVIER RIVERA and other

11  WVDC inmates,  and were responsible for the safety of inmates housed at SBCSD

12  correctional facilities and the WVDC, the periodic cell checks of WVDC inmates, the

13  supervision of WVDC inmates, the prevention of access to intoxicants by WVDC

14  inmates,  the provision of mental health care services to WVDC inmates, and, in

15  general, the protection of WVDC inmates and those housed in the mental health unit,

16  including decedent Michael McCormack, as well as the promulgation of the policies,

17  procedures, and allowance of the practices and customs, pursuant to which the acts of

18  the employees of WVDC, alleged herein, were committed. Defendants DOE 1

19  through 5 were either present at the classification meeting when it was decided that

20  decedent Michael McCormack would be housed in the same unit as violent inmate

21  SANDRO XAVIER RIVERA, or Defendants DOE 1 through 5 were notified of the

22  decision, and failed to override it, in-effect approving of it.   Defendants DOE 1

23  through 5 are being sued in their individual capacities.

24      17.    At all relevant times, each of the Defendants engaged in the acts or

25  omissions alleged herein under color of state law.

26      18.    At all relevant times, each of the Defendants DOES 1 through 10 was

27  acting within his or her capacity as an employee, agent, representative and/or servant

28

of Defendants COUNTY OF SAN BERNARDINO, SBCSD and is sued in their

individual capacities.

19.    The true names of Defendants DOES 1 through 10, inclusive, are

unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.

Plaintiffs will seek leave to amend this Complaint to show the true names and

capacities of these Defendants when they have been ascertained. Each of the

fictitiously named Defendants is responsible in some manner for the conduct and

liabilities alleged herein.

20.    Defendants DOES 6 through 10 are and were also supervisorial

employees for Defendant COUNTY OF SAN BERNARDINO, SBCSD who were

acting under color of law within the course and scope of their duties as the custodial

and mental health staff of the SBCSD correctional facilities, including WVDC.

Defendants DOES 6 through 10 were acting with the complete authority and

ratification of their principal, Defendant COUNTY OF SAN BERNARDINO,

SBCSD.  Defendants DOES 6 through 10 were responsible for, inter alia, supervising

Defendant DOES 1 through 5, to ensure they properly performed their duties, and

were responsible for supervising the assigned custodial and mental health staff of

WVDC, to ensure they properly performed their duties, including conducting proper

cell checks and other safety checks, supervising inmates, and performing other tasks

to ensure inmate safety, ensuring the proper housing of mentally ill inmates, ensuring

that proper, timely, and complete cell checks were conducted, ensuring the safety of

mentally ill inmates in the facility, ensuring that the periodic supervision of inmates

occurred, ensuring that inmates did not manufacture or have access to intoxicants,

including inmate manufactured alcohol, and was responsible in general for the

supervision of personnel below him in the chain of command, including sergeants,

custodial staff and mental health, and other SBCSD employees and agents who had a

legal duty to appropriately supervise and protect inmates under their care, including

decedent Michael McCormack.

21.     Defendants DOES 6 through 10 were also duly appointed deputies, sergeants, lieutenants, detectives, civilian/medical employees or other supervisors, officials, executives and/or policymakers of SBCSD, a department and subdivision of Defendant COUNTY OF SAN BERNARDINO, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY OF SAN BERNARDINO, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

22.     Defendants DOES 6 through 10 are managerial, supervisorial, and policymaking employees of Defendant COUNTY OF SAN BERNARDINO, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant COUNTY OF SAN BERNARDINO. Defendants DOES 6 through 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY OF SAN BERNARDINO.

23.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendants DOES 1 through 10, inclusive, were employees, agents and/or servants of the COUNTY, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY Detention facilities, including the WVDC, and concerning the means by which the life and safety of arrestees and detainees were to be secured, what criteria were to be used for placing arrestees and detainees together in custody, what methods of placement of an arrestee or detainee in a jail cell were appropriate to safeguard the life and safety of the arrestee or detainee, the manner in which threats to the life and safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent inmates, arrestees or detainees who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when an

arrestee or detainee is attacked or injured while incarcerated within a COUNTY detention facility, and what methods of surveillance were to be used within each detention facility to insure immediate response to and prevention of incidents of violence occurring within jail cells.

24.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

## V.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.    Decedent Michael McCormack was a 62-year-old schizophrenic man who was killed as a result of the brutal beating by inmate SANDRO XAVIER RIVERA.  Michael McCormack had a history of mental health needs, which was known, and well-documented, by the custodial and mental health staff of the SBCSD. Decedent Michael McCormack's death has left his wife MELINDA JACOBSON MCCORMACK, whom he once shared a close and loving relationship with, without the support of Michael McCormack and without familial relationship with Michael

1  McCormack, including loss of love, companionship, comfort, affection, society,

2  services, solace, and moral support.

3      26.    On July 31, 2020, decedent Michael McCormack was arrested by

4  deputies of the SBCSD.  Decedent Michael McCormack was booked. Soon after, a

5  mental health evaluation was performed, and it was determined that Michael

6  McCormack was mentally unfit for general population.

7      27.    On or about August 31, 2020, decedent Michael McCormack was

8  housed in the mental health unit of the West Valley Detention Center, where violent

9  inmates, like SANDRO XAVIER RIVERA, were known to prey on vulnerable,

10 mentally ill inmates like Michael McCormack.   This transfer was made by Defendant

11 DOES 1 through 5 who, negligently, recklessly, and/or with deliberate indifference,

12 designated Michael McCormack to be appropriate for housing at the mental health

13 unit where it was known that mentally ill and violent inmates where housed without

14 proper monitoring to protect inmates like Michael McCormack.  Decedent Michael

15 McCormack's medical conditions, mental health needs and manifestations of

16 psychosis are contained and reflected in the records and file concerning Michael

17 McCormack, which information is incorporated by reference herein, as though fully

18 set forth.

19     28.    At the time of transfer, Defendants DOES 1 through 5 had actual

20 knowledge that decedent Michael McCormack suffered from severe psychosis.   At

21 the time of the transfer, Defendants DOES 1 through 5 had actual knowledge that

22 Michael McCormack, appreciating the direness of his mental health state and

23 appreciating his deteriorating physical state. Given Michael McCormack's serious

24 mental health issues and his safety concerns, as well as the fact that Michael

25 McCormack's mental and physical deterioration made him prey to violent inmates

26 like, SANDRO XAVIER RIVERA, Michael McCormack was uniquely vulnerable

27 and required special housing.

28 ///

29.     Furthermore, it was not reasonable, and in fact it was foreseeably dangerous, to house Michael McCormack with  SANDRO XAVIER RIVERA, an inmate with a violent history,  because there was a high probability based on Michael McCormack's mental health history that a fight could break out in the mental health unit, which carried a high probability of resulting in the murder of Michael McCormack given SANDRO XAVIER RIVERA's violent history; and, because Michael McCormack was suffering from serious psychiatric conditions, for which he was not receiving adequate medical care, nor medication, there was also a high probability that the manifestations of his conditions (hallucinations, delusions, inter alia) could spark a fight and/or cause SANDRO XAVIER RIVERA to "snap," thereby provoking a violent and lethal reaction from SANDRO XAVIER RIVERA.

30.     As such, these Defendants were all on notice, that Michael McCormack's transfer to a specialized, segregated mental health unit should be changed. In view of Michael McCormack's mental health issues, and the other circumstances described above and elsewhere in this complaint, the without proper supervision and monitoring mental health unit was not an appropriate designation. Yet, with deliberate indifference and/or negligently, Defendants DOE 1 through 5 failed to ensure that Michael McCormack's status be changed to status which accommodated weak and vulnerable schizophrenic inmates who suffered from severe mental psychosis like Michael McCormack.

31.     On August 31, 2020, Defendants DOES 1 through 5 were assigned as the two floor deputies for the mental health unit of the West Valley Detention Center, which is the facility in which Michael McCormack was housed with SANDRO XAVIER RIVERA.  Defendants DOES 1 through 5 were responsible for conducting periodic cell checks, including inmate safety checks every 30 minutes, including the cell where  Michael McCormack was savagely beaten by SANDRO XAVIER RIVERA, and were responsible for ensuring inmates did not have access to, manufacture, or consume intoxicants, such as alcohol, and were responsible generally

1   for protecting the inmates under their care from assault, including Michael
2   McCormack.

3       32.    On August 31, 2020, Michael McCormack was beaten and found in his
4   cell unconscious, brain damaged, and severely injured. Michael McCormack died of
5   massive blunt-force injuries to his head.

6       33.    Defendants COUNTY, SBCSD, and DOES 1 through 5, which included
7   custodial and mental health staff of WVDC, with deliberate indifference, gross
8   negligence, and reckless disregard to the safety, security, protection and
9   constitutional and statutory rights of plaintiff and all persons similarly situated,
10  maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or
11  practices of, among other things,

12      a.    Selecting, retaining and assigning deputies to their jails who exhibit
13            deliberate indifference and reckless disregard for the safety, security and
14            constitutional and statutory rights of detainees, arrestees and inmates
15            who exhibit vulnerabilities due to medical, mental health, and
16            disabilities;

17      b.    Subjecting persons in their jails to violence perpetrated by other
18            detainees, arrestees or inmates;

19      c.    Failing to take adequate security measures to protect detainees, arrestees
20            and inmates from unnecessary harm, including but not limited to, the
21            following: separation of detainees and arrestees from potentially violent
22            or dangerous inmates; use of security cameras to monitor violence
23            within jail cells; training deputies to monitor detainees and inmates and
24            immediately respond to acts of violence or threats of violence;
25            monitoring drunken detainees who are unable to care for themselves.

26      d.    Failing to adequately train, supervise, and control deputies in the arts of
27            law enforcement;

28      e.    Failing to adequately discipline deputies involved in misconduct; and

f.  Condoning and encouraging deputies in the belief that they can violate the rights of persons such as the Plaintiffs in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

34.  Defendants COUNTY, SBCSD, and DOES 1 through 5 acted with deliberate indifference and reckless disregard toward decedent Michael McCormack's right to be protected and safe while housed at the West Valley Detention Center, and afforded due process of law arid by, among other things, the following acts:

a.  Placing decedent Michael McCormack, a vulnerable detainee with identified mental health concerns, in a cell with inmates and/or arrestees whom Defendants knew or should have known had propensities for aggressive acts or acts of violence and mental instabilities, and not watching and protecting him;

b.  Placing decedent Michael McCormack, a vulnerable detainee with identified mental health concerns, in a cell with other detainees, arrestees and inmates under circumstances which were conducive to the eruption of violence;

c.  Causing decedent Michael McCormack, to remain in the cell with other inmates after Defendants knew that physical violence was imminent; and

d.  Not observing or protecting decedent Michael McCormack, or otherwise standing by and allowing a brutal beating on decedent Michael McCormack by another inmate to continue for an unreasonable period of time, resulting in unnecessary and severe injury to decedent Michael McCormack.

35.  Plaintiffs are informed and believe that Defendants DOES 1 through 5 were aware of the threat the other inmate or inmates represented to decedent Michael McCormack, based on the inmates' criminal histories or exhibited violent tendencies

1  of which the deputies and other employees knew or should have known. Defendants

2  DOES 1 through 5  intentionally, recklessly and with deliberate indifference, failed to

3  take any security measures to protect detainees and arrestees of minor offenses who

4  were unable to defend themselves - such as decedent Michael McCormack, who was

5  unable to care for himself or others - from inmates with violent tendencies like

6  SANDRO XAVIER RIVERA.

7      36.    Plaintiffs are informed and believe, and on the basis of such information

8  and belief alleges, that Defendants COUNTY and SBCSD ordered, authorized,

9  acquiesced in, tolerated, or permitted other defendants herein to engage in the

10  unlawful and unconstitutional actions, policies, practices, and customs set forth in the

11  preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of

12  constitutional violations based either on a deliberate plan by defendants or on

13  defendants' deliberate indifference, gross negligence, or reckless disregard to the

14  safety, security, and constitutional and statutory rights of Plaintiffs.

15      37.    Plaintiffs are informed and believe that the brutal beating was

16  perpetrated by deputies, by one or more inmates at the jail acting with the approval of

17  SBCSD deputies, or because of the deliberate indifference, gross negligence or

18  reckless disregard of deputies to the safety and security of decedent Michael

19  McCormack.

20      38.    Plaintiffs are informed and believe that SBCSD deputies recklessly and

21  with deliberate indifference, failed to immediately and appropriately respond to the

22  brutal attack and allowed the attack to continue for an extended period of time,

23  causing decedent Michael McCormack to suffer numerous and severe injuries,

24  resulting in permanent brain damage.

25      39.    Plaintiffs are informed and believe that SBCSD deputies, intentionally,

26  recklessly and with deliberate indifference, failed to take immediate action to

27  summon medical care for decedent Michael McCormack, despite knowing he was in

28  need of immediate medical care.

1
2
3

40.     Defendants have been on notice for years that their provision of medical and mental health treatment to inmates is inadequate and results in needless harm and death.

4
5
6
7
8

41.     Welfare and safety checks by custody and mental health staff, when done correctly, are an important part of protecting inmates in the SBCSD jails from harm, including inmate on inmate violence. Defendants knew that health and welfare checks conducted in units were part of violence prevention programs and that such checks were necessary for inmate on inmate attack prevention.

9
10
11
12
13

42.     Prior to the attack of decedent Michael McCormack, Defendants were aware that there was a problem with custody and mental health failing to actually perform required welfare and safety checks in the units at SBCSD jails, failing to perform adequate welfare and safety checks and/or failing to take adequate measures after observing violent during the welfare and safety checks.

14
15
16
17
18
19
20
21
22
23
24

43.     Prior to the death of Michael McCormack, defendant San Bernardino County and defendant SBCSD had entered into a settlement and consent decree in the matter of *Turner v. County of San Bernardino*, U.S.D.C. (C.D. Cal.), Case No. 5:16-cv-00355-VAP-DTB, to ensure the provision of constitutional medical and mental health care for inmates with mental health disabilities.   Despite the obligations imposed by the consent decree, said defendants failed to implement the changes called for in the consent decree, including the implementation of an electronic health care record, hiring more registered nurses, and having at least one licensed medical health professional on hand 24-7 at West Valley Detention Center.   Said defendants have failed to observe and implement the recommendations of the team of experts hired by the parties to evaluate the jail conditions at West Valley Detention Center.

25
26
27

44.     Defendants actions and omissions directly placed decedent Michael McCormack at substantial risk of the grievous and tragic harm that ultimately occurred.

28

///

45.     As a direct and proximate cause to Defendants' actions and omissions, decedent Michael McCormack suffered brain injury resulting in his death.

## VI.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Failure to Protect from Harm,

### Violation of the Fourteenth Amendment to the United States Constitution

### (42 U.S.C. § 1983)

### As Against Defendants and DOES 1 through 10

46.     Plaintiff ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest, MELINDA JACOBSON MCCORMACK, realleges and incorporates the foregoing paragraphs as if set forth herein.

47.     By the actions and omissions described above, Defendants DOES 1 through 10, which included the custodial and mental health staff of SBCSD's correctional facility WVDC, acting under the color of state law in their individual capacities, deprived Michael McCormack of the right to have his safety and life protected while in the custody of Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT as secured by the Fourteenth Amendment, by subjecting him, or through their deliberate indifference, allowing others to subject him, to a deprivation of these rights to be protected, proximately leading to him being violently beaten by inmate SANDRO XAVIER RIVERA

48.     "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). Indeed, detainees in jails and prisons are "restricted in their ability to fend for themselves" and are, therefore, far more vulnerable than the general population. *See Hare v. City of Corinth*, 74 F.3d

633, 639 (5th Cir. 1996). It is long settled that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners" because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). The risk of inmate-on-inmate violence in the prison setting is well known.  Custodial staff, including deputies, lieutenants, sergeants, and correctional officers are not permitted to "bury their heads in the sand" and ignore these obvious risks to the inmate populations that they have an affirmative duty to protect. *See Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014)

49.    Defendants DOES 1 through 10, which included the custodial and mental health staff of SBCSD's correctional facility WVDC, knew or had reason to know that housing Michael McCormack in the mental health unit with violent inmate SANDRO XAVIER RIVERA posed a substantial risk of serious harm to Michael McCormack, in view of the multitude of factors, including, but not limited to, the fact Michael McCormack had expressed safety concerns, and based on the fact that Michael McCormack had a variety of mental health conditions, as well as the fact that Michael McCormack was vulnerable and weak, making him prey to violent inmates like SANDRO XAVIER RIVERA.

50.    At the time Michael McCormack was beaten by SANDRO XAVIER RIVERA, Defendants DOES 1 through 5, which included the custodial and mental health staff of the SBCSD correctional facility WVDC, were responsible for conducting proper cell checks, supervising inmates, and were responsible for protecting inmates from inmate-on-inmate violence by other inmates.

51.    By the actions and omissions described above, Defendants DOES 1 through 10 violated 42 U.S.C. § 1983, depriving Michael McCormack of the right to be protected from violence at the hands of other inmates while in custody, as well as the right to one's liberty in bodily integrity, as secured by the Fourteenth Amendment.

52.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, when Defendants were in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

53.    Defendants subjected Michael McCormack to their wrongful conduct, depriving Michael McCormack and of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Michael McCormack others would be violated by their acts and/or omissions.

54.    As a proximate result of the foregoing wrongful acts and/or omissions, Michael McCormack sustained injuries and damages and died as a result of said injuries, as set forth above. Plaintiff ESTATE OF MICHAEL MCCORMACK is therefore entitled to general and compensatory damages in an amount to be proven at trial.

55.    In committing the acts alleged above, Defendants DOES 1 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of decedent Michael McCormack, and by reason thereof, Plaintiff  ESTATE OF MICHAEL MCCORMACK is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT  .

56.    Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

///

///

///

**SECOND CLAIM FOR RELIEF**

**Deliberate Indifference to Serious Medical and Mental Health Needs,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants DOES 1 through 10**

57.     Plaintiff ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest, MELINDA JACOBSON MCCORMACK, realleges and incorporates the foregoing paragraphs as if set forth herein.

58.     Defendants DOES 1 through 10, which included the custodial and mental health staff of SBCSD's correctional facility WVDC, were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm, including inmate-on-inmate violence, to a mentally ill inmate in Michael McCormack's position.

59.     Each Defendant could have taken action to prevent unnecessary harm to Michael McCormack but refused or failed to do so.

60.     By policy, procedure, and practice, Defendants placed Michael McCormack in a position of vulnerability and danger from other inmates, SANDRO XAVIER RIVERA, and others because, on information and belief, his symptoms, left untreated, foreseeably manifested, causing inmates to victimize and/or become angered by and/or act violently toward Michael McCormack; and, on the day of the violent attack, Michael McCormack's untreated symptoms, on information and belief, at least in part caused SANDRO XAVIER RIVERA to violently attack Michael McCormack. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risk of harm including inmate-on-inmate violence, to a mentally ill inmate in Michael McCormack's position, that was attendant to housing Michael McCormack in this setting.

61.     Defendants also knew that deputies routinely failed to conduct required welfare and safety checks in the mental health unit of the WVDC and failed to take

1  sufficient actions to correct this problem and ensure that necessary checks were

2  performed.

3      62.    Defendants were on notice that their policies, procedures, and practices

4  for monitoring mentally ill, vulnerable inmates in the mental health unit of the

5  WVDC were inadequate and gave rise to a substantial risk of serious harm.

6      63.    Defendants failed to properly train and supervise the custodial and

7  mental health staff of WVDC regarding policies, procedures, and practices necessary

8  for the protection of inmates from harm, including inmate-on-inmate violence

9  targeting mentally ill, vulnerable inmates.

10     64.    Defendants' failure to correct their policies, procedures, and practices

11  despite notice of significant and dangerous problems evidences deliberate

12  indifference to the inmates in their care.

13     65.    Defendants DOES 1 through 10 allowed Michael McCormack to be

14  housed in the mental health unit where it was known violent inmates like SANDRO

15  XAVIER RIVERA preyed on mentally ill, vulnerable inmates like Michael

16  McCormack,  directly placed Michael McCormack at a substantial risk of serious

17  harm, including a violent attack by another inmate.

18     66.    Defendants DOES 1 through 5, including the custodial and mental health

19  staff of SBCSD's correctional facility WVDC, failure to conduct the required safety

20  check of Michael McCormack housing unit on the date of the violent attack

21  evidences deliberate indifference to the risk of harm to Michael McCormack.

22     67.    As a proximate result of the foregoing wrongful acts and/or omissions,

23  Michael McCormack sustained injuries and damages and death, as set forth above.

24  ESTATE OF MICHAEL MCCORMACK is therefore entitled to general and

25  compensatory damages in an amount to be proven at trial.

26     68.    In committing the acts alleged above, Defendants DOES 1 through 10

27  acted maliciously and/or were guilty of a wanton and reckless disregard for the rights,

28  safety, and emotional well-being of Michael McCormack, and by reason thereof,

1    Plaintiff ESTATE OF MICHAEL MCCORMACK is entitled to punitive damages and

2    penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§

3    377.20 et seq, and other state and federal law against these individual Defendants; no

4    punitive damages are sought directly against Defendants COUNTY OF SAN

5    BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

6        69.    Plaintiff is also entitled to reasonable costs and attorney's fees under 42

7    U.S.C. § 1988 and other applicable California codes and laws.

8                    **<u>THIRD CLAIM FOR RELIEF</u>**

9            **Municipal Liability for Unconstitutional**

10           **Policies, Procedures, Practices and Customs**

11                    **(42 U.S.C. § 1983)**

12   **As Against Defendants County of San Bernardino, San Bernardino County**

13           **Sheriff's Department and DOES 1 through 10**

14       70.    Plaintiff ESTATE OF MICHAEL MCCORMACK, by and through his

15   successor in interest, MELINDA JACOBSON MCCORMACK, realleges and

16   incorporates the foregoing paragraphs as if set forth herein.

17       71.    On and before August 31, 2020, and prior to the violent beating of

18   Michael McCormack, Defendants COUNTY OF SAN BERNARDIN and SAN

19   BERNARDINO COUNTY SHERIFF'S DEPARTMENT , were aware that

20   Defendants DOES 1 through 10, which included the custodial and mental health staff

21   of SBCSD's correctional facility WVDC,  had engaged in a custom and practice of

22   callous and reckless disregard for the health and safety of mentally ill inmates in the

23   West Valley Detention Center as summarized in the paragraphs above.

24       72.    Defendants COUNTY OF SAN BERNARDINO and SAN

25   BERNARDINO COUNTY SHERIFF'S DEPARTMENT, acting with deliberate

26   indifference to the rights and liberties of those persons who would become inmates in

27   the West Valley Detention Center, and of Michael McCormack, and of persons in

28   Michael McCormack's class, situation and comparable position in particular,

1    knowingly maintained, ratified, enforced and applied the policies, procedures,

2    customs and practices described herein above.

3          73.    By reason of the aforementioned customs and practices, Michael

4    McCormack was severely injured and subjected to pain and suffering, resulting in his

5    death, as alleged above in the First and Second Claims for Relief.

6          74.    Defendants COUNTY OF SAN BERNARDINO and SAN

7    BERNARDINO COUNTY SHERIFF'S DEPARTMENT, with various other

8    officials, whether named or unnamed, had either actual or constructive knowledge of

9    the deficient policies, practices and customs alleged in the paragraphs above. Despite

10   having knowledge as stated above these Defendants condoned, tolerated and through

11   actions and inactions thereby ratified such customs and practices.  Said Defendants

12   also acted with deliberate indifference to the foreseeable effects and consequences of

13   these policies with respect to the constitutional rights of Michael McCormack and

14   other individuals similarly situated.

15         75.    The policies, practices, and customs implemented, ratified and condoned

16   were affirmatively linked to and were a significantly influential force behind the

17   injuries to and death of Michael McCormack.

18         76.    By reason of the aforementioned unconstitutional policies, procedures,

19   customs and practices, Michael McCormack was brutally beaten by violent inmate

20   SANDRO XAVIER RIVERA.  Michael McCormack died as a result of said beating.

21         77.    On information and belief, West Valley Detention Center was

22   overcrowded at the time Michael McCormack was brutally beaten,  which contributed

23   to the pressure to place Michael McCormack in a cell where Kyler Austin Grey could

24   prey on him, despite the numerous indications that he should have been placed on

25   single cell status. Plaintiffs allege, on information and belief, that conditions resulting

26   from overcrowding at West Valley Detention Center caused or contributed to the

27   death of Michael McCormack.  Overcrowding in SBCSD jail facilities has led to the

28   negligent, improper, and unconstitutional housing of inmates in SBCSD custody,

1  including at the West Valley Detention Center, and including Michael McCormack.

2  　　　　78.　　Defendants COUNTY OF SAN BERNARDINO,  SAN BERNARDINO

3  COUNTY SHERIFF'S DEPARTMENT, and DOES 1 through 10 failed to ensure

4  that Michael McCormack was properly and appropriately assessed and classified prior

5  to placing him in the mental health unit where violent and predatory inmates like

6  SANDRO XAVIER RIVERA were able to prey on vulnerable inmates.

7

8  　　　　79.　　The Defendants' actions and omissions and the classification and

9  housing of Michael McCormack was contrary to generally accepted custodial

10  classification and housing practices, causing the beating of Michael McCormack

11  which killed him.

12  　　　　80.　　Defendants DOES 6 through 10, each individually knew or reasonably

13  should have known that his subordinates were violating clearly established law and/or

14  SBCSD policy and/or were acting negligently pertaining to the classification and

15  housing of inmates by, inter alia, being deliberately indifferent to the record of past

16  conduct of inmates before celling them with other inmates, being deliberately

17  indifferent to the mental health status of inmates before celling them with other

18  inmates, being deliberately indifferent to the fact that an inmate has been designated a

19  single-cell inmate, and/or being deliberately indifferent to threats and statements

20  made by inmates before celling them with other inmates, being deliberately

21  indifferent to inmates' status as dropouts from prison gangs, and knew, should have

22  known, or had reason to know that their conduct would deprive the plaintiff of his

23  constitutional rights to, inter alia, life and liberty, and each defendant failed to act to

24  prevent his subordinate from engaging in such conduct.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FOURTH CLAIM FOR RELIEF

### Interference with Familial Association,

### Violation of Fourteenth Amendment to the United States Constitution

### (42 U.S.C. § 1983)

### As Against Defendants DOES 1 through 10

81.    Plaintiff MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem James McCormack, realleges and incorporates the foregoing paragraphs as if set forth herein.

82.    This claim is brought pursuant to 42 U.S.C. §1983 for violation of Plaintiff MELINDA JACOBSON MCCORMACK's rights under the Fourteenth Amendment.

83.    Pursuant to the Fourteenth Amendment to the United States Constitution, all persons the right to be free from unlawful state interference with their familial relations, and 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

84.    As a result of the misconduct of Defendants DOES 1 through 10, which included the custodial and mental health staff of SBCSD's correctional facility WVDC, and as a result of the unconstitutional customs and practices of Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT as alleged above, decedent Michael McCormack suffered the violation of his civil rights and the resulting in his death,  thus violating Plaintiff's rights to familial integrity and association and her rights to be free from government interference in her relationship with her husband, Michael McCormack.

85.    The conduct of Defendants was the direct and proximate cause of the death of Michael McCormack. As a result of the conduct of Defendants, Plaintiff MELINDA JACOBSON MCCORMACK lost her husband Michael McCormack, as well as his love, affection, society and moral support.

///

86.    In committing the acts alleged above, Defendants DOES 1 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Michael McCormack, and by reason thereof, the present plaintiffs are entitled to punitive/exemplary damages and penalties against the individual Defendants.

### FIFTH CLAIM FOR RELIEF

**Assault and Battery/Wrongful Death**

**As Against Defendant SANDRO XAVIER RIVERA**

87.    Plaintiff ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest, MELINDA JACOBSON MCCORMACK, realleges and incorporates the foregoing paragraphs as if set forth herein.

88.    August 3, 2020, Defendant SANDRO XAVIER RIVERA, without cause or provocation, stuck, hit, punched, kicked and otherwise forcibly contacted Michael McCormack, causing him great injury, and constituting a battery under California law.

89.    As a direct and proximate result of Defendant SANDRO XAVIER RIVERA's battery, Michael McCormack sustained injuries and damages, died as a result of the brutal beating.

90.    As a further direct and proximate result of the conduct of Defendant SANDRO XAVIER RIVERA, Michael McCormack suffered serious injuries and lost his life, and Plaintiff MELINDA JACOBSON MCCORMACK has been deprived of the life-long comfort, society, support and care of Michael McCormack, and will continue to be so deprived for the remainder of her natural life.

///
///
///
///
///
///

## SIXTH CLAIM FOR RELIEF

### Wrongful Death

### As Against All Defendants and DOES 1 through 10

91.    Plaintiff MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem James McCormack, realleges and incorporates the foregoing paragraphs as if set forth herein.

92.    At all material times, Defendants DOES 1 to 10, owed Michael McCormack the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

93.    At all material times, each Defendant owed Michael McCormack the duty to act with reasonable care.

94.    These general duties of reasonable care and due care owed Michael McCormack by all Defendants include, but are not limited, to the following specific obligations:

a.    To provide safe and appropriate SBCSD custody at the West Valley Detention Center for Michael McCormack, including reasonable classification, monitoring, and housing, and ensuring proper cell checks, supervision, and monitoring;

b.    To obey federal law, Supreme Court and Ninth Circuit precedent, and Court Orders for the care and safety of inmates, such as Michael McCormack;

c.    To use generally accepted prison, custodial, institutional, law enforcement, and other inmate-safety-ensuring procedures that are reasonable and appropriate for Michael McCormack's status and history as a SBCSD inmate with mental health needs;

d.    To prevent inmates from having access to alcohol, including inmate manufactured alcohol;

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

e.    To prevent inmates from engaging in and participating in illegal activities, or consumption of alcohol, which can precipitate inmate-on-inmate violence;

f.    To refrain from abusing their authority granted to them by law; and,

g.    To refrain from violating Michael McCormack's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

95.    By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Michael McCormack, which foreseeably resulted in the suffering of damages by Plaintiff MELINDA JACOBSON MCCORMACK.

96.    Defendants, through their acts and omissions, breached the aforementioned duties owed to Michael McCormack, and such breach proximately led to the brutal and violent beating of Michael McCormack by inmate SANDRO XAVIER RIVERA, resulting in Michael McCormack's death.

97.    On information and belief, Defendants DOES 1 through 5, all of which were custodial and mental health staff at the SBCSD correctional facility WVDC, acted with deliberate indifference and/or negligence by failing to properly supervise SANDRO XAVIER RIVERA and Michael McCormack, failing to prevent SANDRO XAVIER RIVERA from assaulting Michael McCormack and failing to conduct proper and timely cell checks.

98.    Defendants DOES 6 through 10 had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrained from the conduct and/or omissions alleged herein.

99.    Defendants DOES 6 through 10 breached this duty, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

///

100.   As a direct and proximate result of the failure of Defendants DOES 6 through 10 to carry out their duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrained from the conduct and/or omissions alleged herein, Plaintiffs suffered injuries and damages as alleged herein.

101.   As a direct and proximate result of the conduct of Defendants DOES 1 through 10, as alleged above, Michael McCormack suffered serious injuries and lost his life.  Plaintiff MELINDA JACOBSON MCCORMACK has been deprived of the life-long comfort, society, support and care of Michael McCormack, and will continue to be so deprived for the remainder of her natural life.

102.   At all times mentioned herein, Defendants DOES 1 through 10 were acting in the course and scope of their employment with Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, which are vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

103.   As a proximate result of the negligence of Defendants DOES 1 through 10, Plaintiff sustained injuries and damages, and against each listed Defendant in this Count is entitled to the relief described above. Plaintiff also seeks punitive damages against such individual Defendants in their individual capacities. Plaintiff does not seek punitive damages against Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

## SEVENTH CLAIM FOR RELIEF

### State Civil Rights Violations

### (California Civil Code § 52.1(b))

### As Against Defendants County of San Bernardino, San Bernardino County Sheriff's Department and DOES 1 through 10

104.   Plaintiff ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest, MELINDA JACOBSON MCCORMACK, realleges and incorporates the foregoing paragraphs as if set forth herein.

105.    By their acts, omissions, customs, and policies, Defendants DOES 1 to 10, which included custodial and mental health staff at the SBCSD correctional facility WVDC, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiffs' rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

   a.    Michael McCormack's right to be free from deliberate indifference to Michael McCormack's safety needs while in SBCSD custody as an inmate, as secured by the Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Section 7;

   b.    Michael McCormack's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

   c.    Michael McCormack's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

106.    Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

   a.    Intentionally and/or with deliberate indifference, failing to protect Michael McCormack's from violence, when it was also obvious that in doing so, Michael McCormack's safety could be severely jeopardize as a violent attack which would result in his death, and Plaintiff's rights would also be violated;

   b.    Intentionally and/or with deliberate indifference, failing summon or provide appropriate mental health and psychiatric care, and failing to provide appropriate housing, thereby depriving Michael McCormack of

mental health care, exacerbating his mental health conditions, subjecting Michael McCormack to needless and severe suffering, and exposing Michael McCormack to violence, when it was also obvious that in doing so, Michael McCormack would be victimized/assaulted/killed, and Plaintiffs' rights would also be violated;

c.   Failing to protect Michael McCormack from physical harm or from being set up or violently attacked, despite the fact that Michael McCormack had expressed to numerous individuals fear for his own safety given his vulnerable physical and mental state, imminent risk of injury or death.

107.   At all times mentioned herein, Defendants DOES 1 to 10, were acting in the course and scope of their employment with Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT which are vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

108.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages and death, and against each Defendant named in in this cause of action is entitled to relief as set forth above, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees. no punitive damages are sought directly against the State of California.

///

///

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGTH CLAIM FOR RELIEF**

**Wrongful Death/Professional Malpractice**

**As Against Defendants County of San Bernardino and DOES 8 through 10.**

109.   Plaintiff Melinda Jacobson McCormack, as successor in interest to the estate of Michael McCormack and individually, presents the present claim, and repeats and realleges each and every allegation above as though fully set forth herein and asks the court to exercise its pendant jurisdiction over the present claim.

110.   Defendants DOES 8 through 10, inclusive, were attorneys with the San Bernardino County Public Defender's office, a subdivision and department of defendant County of San Bernardino.  During all times mentioned herein, said defendants were acting in the course and scope of their employment with defendant County of San Bernardino, which is vicariously liable under the doctrine of *respondeat superior* for said defendants' negligence pursuant to California Government Code § 815.2.

111.   On or about August 1, 2020, Defendants DOES 8 through 10, were appointed by the superior court of San Bernardino County to represent Michael McCormack in the criminal proceedings against him.  Said defendants met with Michael McCormack and established an attorney-client relationship with him.  Each said defendant represented Michael McCormack in the proceedings against him and appeared on his behalf in the criminal proceedings before said court.

112.   As such, each said defendant owed a duty to their Michael McCormack of reasonable representation and to exercise that good judgement and skill as would be exercised by reasonable California attorneys in similar circumstances, and each said defendant had a duty to protect Michael McCormack's best interests.

113.   Defendants DOES 8 through 10 met with Michael McCormack and learned of his mental illness and of his need for medical and mental health attention and treatment.  Said attorneys were also given written notice by the family of Michael McCormack, as well as by his physicians, of his debilitated status, his need for

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

medication and his need for medical and mental health treatment.  Moreover, said attorneys were ordered by the court to advise custody personnel of these needs and of the court's order.  Said attorneys negligently failed to notify custody personnel of Michael McCormack's debilitated state and failed to take reasonable steps and measures to protect the health and well-being of Michael McCormack.

114.   As a result of this negligence, Michael McCormack remained in the WVDC mental health unit, housed in the same unit as violent inmate SANDRO XAVIER RIVERA.  As a direct and proximate result of the negligence of DOE defendants 8 through 10, and their failure to protect the health and safety of Michael McCormack, Michael McCormack was brutally beaten and killed.

115.   As a further proximate result of the negligence of Defendants DOES 8 through 10, Melinda Jacobson McCormack has been deprived of the life-long comfort, society, support and care of Michael McCormack, and will continue to be so deprived for the remainder of her natural life.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1.   Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.   Punitive and exemplary damages under federal law and California law, in an amount according to proof and in an amount which is fair, just, and reasonable against each individual Defendant, except the municipal Defendants;

///
///
///
///
///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1         3.      All other damages, penalties, costs, interest, and attorneys' fees as

2 allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§

3 377.20 *et seq*., 377.60 *et seq*., and 1021.5; California Civil Code §§ 52 *et seq*., 52.1;

4 and as otherwise may be allowed by California and/or federal law; and

5         4.      For such other and further relief as the Court deems just and proper.

6

7 Dated: January 25, 2021            CASILLAS & ASSOCIATES

8

9                            By:     */s/ Arnoldo Casillas*
ARNOLDO CASILLAS

10                            DENISSE O. GASTÉLUM

11                            Attorneys for Plaintiffs, ESTATE OF
MICHAEL MCCORMACK, by and through

12                            his successor in interest Melinda Jacobson
McCormack; MELINDA JACOBSON

13                            MCCORMACK, by and through her Guardian
Ad Litem, James McCormack

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Plaintiffs ESTATE OF MICHAEL MCCORMACK, by and through his successor in interest Melinda Jacobson McCormack; MELINDA JACOBSON MCCORMACK, by and through her Guardian Ad Litem, James McCormack hereby respectfully demand a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 25, 2021                    CASILLAS & ASSOCIATES

By:    _/s/ Arnoldo Casillas_
ARNOLDO CASILLAS
DENISSE O. GASTÉLUM
Attorneys for Plaintiffs, ESTATE OF
MICHAEL MCCORMACK, by and through
his successor in interest Melinda Jacobson
McCormack; MELINDA JACOBSON
MCCORMACK, by and through Guardian Ad
Litem, James McCormack

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL